```
              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TEXAS
                  SAN ANTONIO DIVISION


UNITED STATES OF AMERICA,      *
                               *
          Plaintiff,           *
                               *
     v.                        *    CRIM. NO. SA-09-805M
                               *
ERIC D. WILSON,                *
                               *
          Defendant.           *
```

## DETENTION ORDER

Eric D. Wilson has been charged by complaint with possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841. At his initial appearance, he was temporarily detained pursuant to 18 U.S.C. § 3142(d) based upon his current status on bond. The government requested that he be detained without bond pending trial pursuant to 18 U.S.C. § 3142(e) and (f). The detention hearing was held September 14, 2009. Having considered the motion, the evidence, and the applicable law, the Court is of the opinion the defendant should be detained as a danger to the community.

Upon motion of the government in a case charging the commission of a controlled substance offense for which the maximum term of imprisonment is 10 years or more, a defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

**Title 18 U.S.C. §§ 3142(e)** and **3142(f)(1)(C)**.  Subject to rebuttal by the defendant, it shall be presumed that no such conditions exist if there is probable cause to believe that the defendant committed the offense with which he is charged.  **Title 18 U.S.C. § 3142(e)**.  Detention as a danger to another person or the community must be supported by clear and convincing evidence, while detention based upon risk of flight is authorized if a preponderance of the evidence establishes that no conditions will reasonably assure the defendant's appearance.  **Title 18 U.S.C. § 3142(f)**; *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).  In determining which conditions, if any, will reasonably assure the defendant's appearance as required and the safety of any other person and the community, the Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

At the detention hearing, William Garcia of the San Antonio Police Department testified that a search warrant was executed a Wilson's residence on September 3, 2009.  A gun was found on the television and marijuana was on the floor.  Wilson showed the officers where to find the cocaine base in his bedroom.  He stated that everything was his.  Wilson had approximately $1000 on his person.

According to the Pretrial Services Report, Wilson is 38 years old and has lived in San Antonio his entire life.  He lives with his father. Wilson has been unemployed since 2008.  He has limited

assets and liabilities.  Wilson reported that he has asthma and uses marijuana daily.  His prior criminal history is abysmal.

In September 1988, Wilson was arrested and later released on bond for a charge of murder and unlawfully carrying a weapon. While on bond, he committed the offense of resisting arrest/search, twice, possession of marijuana, and felony possession of cocaine. On January 9, 1990, he was convicted of murder and received a 15-year sentence.  He was given 10-year sentences for unlawfully carrying a weapon and possession of cocaine.  Wilson was granted probation in the marijuana possession case, but his probation was revoked because he committed one of the resisting arrest offenses while on probation.  He was convicted in all the misdemeanor cases.

In 2001, Wilson committed the offenses of evading arrest and driving while license suspended while he was on parole.  In March 2002, he committed the offenses of intoxication assault, terroristic threat, criminal mischief, and resisting arrest, all while he was on parole.  He was convicted and served time in all of these cases.  At the time he committed the instant offense, Wilson was on bond for two charges of possession of marijuana, deadly conduct-firearm, and resisting arrest.

Wilson has been charged with a controlled substance offense carrying a possible penalty of more than 10 years in prison if he is convicted.  The evidence presented at the detention hearing provides probable cause to believe that he committed that offense

and triggers the § 3142(e) presumptions of flight and dangerousness. The weight of the evidence is strong, and the likelihood of conviction is high. The Court believes that Wilson should be detained as a danger to the community. On multiple occasions, he has been placed on bond, probation or parole and violated his conditions of release by the commission of additional criminal offenses. At the time he committed the instant offense, he was on bond for four new offenses. Because defendant has repeatedly violated the law while on conditional release, this Court finds that no condition can be imposed to preclude him from violating the law if released on bond in this case.

Furthermore, Wilson committed an offense similar to the ones for which he has been convicted in the past and for which he is currently on bond. His continued involvement with illegal drugs constitutes a significant danger to the community. Consideration of the above circumstances, as well as the presumption of dangerousness, leads this Court to conclude that no conditions of release will reasonably assure the safety of the community.

It is, therefore, **ORDERED** that:

(1) Defendant be detained without bond pending trial;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

**SIGNED** September 16, 2009.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE